UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-191-MOC-DCK

| KANAUTICA ZAYRE-BROWN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| NORTH CAROLINA DEPT. OF PUBLIC SAFETY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim, (Doc. No. 9), and Plaintiff's Motion for Preliminary Injunction, (Doc. No. 13). For the following reasons, both motions are **DENIED**.

## I. BACKGROUND

### a. Plaintiff's Complaint

Plaintiff initiated this action by filing her complaint on April 28, 2022. (Doc. No. 1). Plaintiff was diagnosed with gender dysphoria in 2010. (Id. at 2). In her complaint, Plaintiff alleges that the North Carolina Department of Public Safety ("DPS") and other Defendants have failed to provide her with gender-affirming surgery—treatment that, Plaintiff argues, DPS is constitutionally obligated to provide her. (Id. at 1).

Plaintiff alleges that DPS officials have known about Plaintiff's condition and her need for this treatment "for years" but have "act[ed] with deliberate indifference to Plaintiff's serious medical needs." (Id. at 3). She alleges that Defendants have wrongfully deemed that her

1

requested surgery is merely "elective," have violated their own internal protocols, and have provided no medical justification for their continuing denial. (Id.).

Plaintiff argues that Defendants' continued denial of gender-affirming surgery amounts to cruel and unusual punishment, in violation of the federal and state constitutions. (Id. at 38–40). Plaintiff also argues that the denial amounts to discrimination in violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. (Id. at 41–45).

b. **Defendants' Motion to Dismiss**

Defendants move to dismiss Plaintiff's complaint. (Doc. No. 9). Defendants argue that they have a policy governing requests such as Plaintiff's, and that their policy "addresses behavioral and mental health" and provides for accommodation in some circumstances. (Doc. No. 10 at 2). Defendants claim that Plaintiff is receiving treatment under their policy but that, after a thorough review, they determined that gender-affirming surgery was not necessary. (Id. at 3–4). Plaintiff initiated this action two days after learning of this determination, rather than first proceeding through Defendant's administrative grievance process. (Id.). Defendants therefore argue that Plaintiff's claim should be dismissed for failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"). (Id. at 6–7). Defendants also raise a variety of arguments that Plaintiff's claims fail legally. (Id. at 7–23). Defendants also argue that Plaintiff's disability claims fail because "the law is currently unsettled as to whether Plaintiff has alleged a disability."[1] (Id. at 23–25).

Plaintiff counters that she has repeatedly sought appropriate care over a period of five years and that "when prisoners face an ongoing risk of harm or multiple instances of the same

---

[1] While this assertion was correct when Defendants filed their motion and memorandum, the Fourth Circuit has since ruled that gender dysphoria is a protected disability in Williams v. Kincaid, No. 21-2030 (4th Cir. Aug. 16, 2022).

2

kind of harm, they are not required to exhaust multiple grievances." (Doc. No. 11 at 11). Therefore, Plaintiff argues that she did not fail to exhaust administrative remedies. Plaintiff broadly contests Defendants' arguments about the legal sufficiency of her complaint and the status of gender dysphoria as a disability.

   c.  **Plaintiff's Motion for Preliminary Injunction**

Plaintiff moves for a preliminary injunction "to order Defendants to provide her with … gender-affirming surgery" as described in her complaint. (Doc. No. 13 at 1). As counsel for Plaintiff agreed at oral argument, granting this injunction would essentially end the case, as the relief Plaintiff seeks in her preliminary injunction is essentially the same relief she seeks in her complaint. Counsel for Plaintiff argued that Defendants have had five years to consider Plaintiff's request and a significant amount of evidence has already been compiled, including numerous medical evaluations of Plaintiff. (Doc. No. 14 at 6–14). Plaintiff argues that she needs gender affirming surgery as soon as possible and can satisfy the Winter test for a preliminary injunction. (Id. at 14–25). Defendants argue that Plaintiff cannot satisfy the Winter test and ask the Court to deny Plaintiff's motion for preliminary injunction. (Doc. No. 18).

   II.   **STANDARD OF REVIEW**

   a.  **Motion to Dismiss**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

3

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

b. Motion for Preliminary Injunction

Applications for issuance of a Preliminary Injunction are governed by FED. R. CIV. P. 65(b). To obtain a preliminary injunction, a plaintiff must demonstrate that: (1) she is likely to succeed on the merits; (2) she will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in her favor; and (4) the injunction is in the public interest. League of Women Voters of N. Carolina v. N. Carolina, 769 F.3d 224, 236 (4th Cir. 2014), cert. denied, 135 S. Ct. 1735 (2015) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

### III. DISCUSSION

Both motions will be denied. Defendants' motion to dismiss fails because Plaintiff has sufficiently availed herself of Defendants' administrative process, her arguments do not fail legally, and her condition is now a protected disability in the Fourth Circuit. Plaintiff's motion for a preliminary injunction fails because she cannot satisfy the Winter test and because her motion would effectively end this case without the benefit of a factual record. No court considering a case such as this one has ruled without the benefit of a well-developed record,[2] and

---

[2] While the Edmo case was decided on an appeal from a denial of a motion for preliminary injunction, the Edmo court had the benefit of "four months of intensive discovery and a three-day evidentiary hearing." Edmo v. Corizon, Inc., 935 F.3d 757, 767 (9th Cir. 2019). Both fact
4

this Court declines to be the first. The parties effectively ask the Court to end this case now, either by dismissing it or granting a preliminary injunction that would essentially grant the same relief sought in the complaint. The Court declines to end the case now not only because the parties' motions fail legally but also because a well-developed factual record is necessary to assist the Court in resolving the myriad novel legal and factual issues at play in this case.

### a. Plaintiff has Adequately Stated a Claim and Further Exhaustion of Administrative Remedies Would be Futile

Defendants raise many arguments that Plaintiff's claims should be dismissed, but these arguments fail. The Court finds that Plaintiff has adequately stated a claim and that, over the past five years, she has extensively availed herself of administrative remedies. The Court will discuss each of Defendants' key arguments in turn.

<u>Exhaustion of Administrative Remedies</u>. Defendants argue that Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies. (Doc. No. 10 at 6–7). The PLRA provides that "No action shall be brought with respect to prison conditions … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Because "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court," <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007), and because Plaintiff has not exhausted administrative remedies as to the most recent denial of her request for gender-affirming surgery, Defendants reason that Plaintiff cannot bring her claim seeking gender-affirming surgery in this Court. (<u>Id.</u>); <u>see also</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 88–91 (2006); <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001); <u>Moore v. Bennette</u>, 517 F.3d 717, 721 (4th Cir. 2008).

Plaintiff counters that this case is not about Plaintiff's most recent request for treatment,

---

and expert discovery were conducted. <u>Id.</u> at 775.

but rather "a years-long pattern of denying treatment." (Doc. No. 17 at 10). Plaintiff notes that Congress designed the PLRA's exhaustion of administrative remedies requirement to give "an agency an opportunity to correct its own mistakes … before it is haled into federal court" while "preserving prisoners' capacity to file meritorious claims." Ngo, 548 U.S. at 89, 117. Failure to exhaust administrative remedies is an affirmative defense, requiring a defendant to prove that an administrative remedy was available and that the plaintiff failed to exhaust it. Bock, 549 U.S. at 212. This analysis turns on whether "the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." Curtis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017). Prisoners who face ongoing risk of harm or multiple instances of the same kind of harm are not required to exhaust administrative grievances for every potential harm that they face; it is enough for them to have given the prison system notice of their grievance and an opportunity to address it. Wilcox v. Brown, 877 F.3d 161, 167 n.4 (4th Cir. 2017) ("to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue . . . if the objectionable condition is continuing. Thus, once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement.") (quoting Turley v. Rednour, 729, F.3d 645, 650 (7th Cir. 2013)); see also Moussazadeh v. Texas Dep't of Criminal Justice, 703 F.3d 781, 788 (5th Cir. 2012).

The Court agrees with Plaintiff. Plaintiff points to numerous prior instances in which she sought gender affirming care, including two in which she specifically requested gender-affirming surgery. (Doc. No. 1 at 27–36; Doc. No. 17 at 11–12). The Court finds that Defendants have had ample notice of Plaintiff's grievance and ample opportunity to correct it. Nor could counsel for Defendants provide any reasons why requiring Plaintiff to go through yet another grievance process would change the outcome of Defendants' process, or provide Defendants with

6

Case 3:22-cv-00191-MOC-DCK   Document 25   Filed 09/23/22   Page 6 of 11

additional information about the nature of Plaintiff's grievance which would allow them to address it. While Defendants are surely correct that exhaustion of administrative remedies is a mandatory requirement of PLRA, the Court finds that Plaintiff has more than adequately exhausted her administrative remedies.

Sovereign Immunity. Defendants argue that sovereign immunity bars Plaintiff's Eighth Amendment claims against DPS and claims for damages against the official capacity Defendants. (Doc. No. 10 at 7–10). But Plaintiff contends that she has not brought any such claims. (Doc. No. 17 at 12–13). The Court agrees with Plaintiff. While Defendants appear to be correct that Plaintiff could not bring any such claims legally, the issue is moot because Plaintiff is not bringing any such claims. In reply, Defendants assert that Plaintiff does appear to be claiming damages for her deliberate indifference claim. (Doc. No. 21 at 5–6). The Court declines to rule at this time whether sovereign immunity bars damages on Plaintiff's deliberate indifference claim because the parties could not be heard on the matter at oral argument.

Deliberate Indifference. Under Estelle v. Gamble, 429 U.S. 97, 104 (1976), deprivation of necessary medical care in prison can amount to a violation of the Eighth Amendment. In order to show a violation, a plaintiff must show two things: first, that she was deprived of a "sufficiently serious" medical need; and second, that the defendant acted with "deliberate indifference" to a substantial risk of harm to her safety. Farmer v. Brennan, 511 U.S. 825, 834 838 (1994). A medical need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" qualifies as a sufficiently serious medical need for purposes of the analysis. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). "An official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively 'knows of and disregards and excessive

7

risk.'" Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (quoting Farmer, 511 U.S. at 837). Similar standards apply to Plaintiff's state law claims. State v. Green, 502 S.E.2d 819, 828 (N.C. 1998) (North Carolina has historically "analyzed cruel and/or unusual punishment claims by criminal defendants the same under both the federal and state Constitutions.").

Defendants argue that Plaintiff has failed to allege facts sufficient to satisfy the "deliberate indifference" requirement necessary to state a claim for deprivation of necessary medical care under the Eighth Amendment. (Doc. No. 10 at 12–23). They argue, in essence, that Plaintiff cannot show that denial of gender-affirming surgery amounts to "some objectively sufficiently serious deprivation of rights" and that the facts do not show that Defendants "were subjectively aware of a substantial risk of harm" or of Plaintiff's "state of mental distress." (Id. at 12–13). Plaintiff disagrees, citing her medical records and numerous instances in which she informed Defendants of her need for the surgery. (Doc. No. 17 at 13–18).

Keeping in mind the low pleading standard applicable to motions to dismiss under Rule 12(b)(6) and the lack of any factual record, the Court declines to dismiss Plaintiff's deliberate indifference claim. Plaintiff has alleged many facts which might give rise to an inference that Defendants acted with deliberate indifference to her serious medical need. Plaintiff has cited medical evidence which a reasonable finder of fact could conclude shows that she has a serious medical need for gender-affirming surgery, including medical opinions stating that she has this need. Plaintiff has also cited evidence which a reasonable finder of fact might conclude shows that Defendants were aware of her need, including the fact that she repeatedly asked Defendants for gender-affirming surgery. Drawing all factual inferences in Plaintiff's favor, as the Court must on this procedural posture, the Court finds that Plaintiff has plead adequate facts to sustain a claim of deliberate indifference at this time.

Disability Discrimination. Since the pending motions were filed, the Fourth Circuit has unequivocally ruled that gender dysphoria is a protected disability under the ADA and the Rehabilitation Act.[3] Williams v. Kincaid, No. 21-2030 (4th Cir. Aug. 16, 2022). Therefore, a plaintiff can state a claim for disability discrimination for gender dysphoria as a matter of law.

Nonetheless, Defendants assert that Plaintiff has not plead adequate facts to support a discrimination claim. (Doc. No. 10 at 24–25). But, as Plaintiff contends, her allegation is "that she has been denied treatment and accommodations for her gender dysphoria while 'DPS provides healthcare and accommodations to prisoners with disabilities other than gender dysphoria.'" (Doc. No. 17 at 24–25). Plaintiff also details specific instances of denial of care for her gender dysphoria in her complaint, which she plausibly argues amount to disability-based denial of a government service. (Id. at 25). Again, the Court must draw all factual inferences in Plaintiff's favor as the non-moving party. Drawing inferences in her favor and considering the Fourth Circuit's recent ruling, the Court cannot dismiss Plaintiff's claim of disability discrimination.

b. **Plaintiff Does Not Qualify for a Preliminary Injunction and the Court Declines to Effectively Decide this Case on the Merits Without the Benefit of a Record**

Plaintiff moves for a preliminary injunction requiring Defendants to provide her with gender-affirming surgery, as well as waiver of a security bond. (Doc. No. 13). Plaintiff argues that she can satisfy the Winter factors and is thus entitled to a preliminary injunction. (Doc. No. 14). Defendants disagree. (Doc. No. 18).

The Court agrees with Defendants. First, Plaintiff asks this Court to issue a preliminary

---

[3] The Fourth Circuit noted that the ADA and Rehabilitation Act "provide identical protection with respect to the matters at issue in this case," i.e., gender dysphoria. Williams v. Kincaid, No. 21-2030 at 7 n.1 (4th Cir. Aug. 16, 2022) (citing National Federal of the Blind v. Lamone, 813 F.3d 494, 502 n.4 (4th Cir. 2016)).

injunction that would effectively end the case by granting Plaintiff the primary relief she seeks in her Complaint, as discussed at oral argument. The Court is not aware of any other court to order gender-affirming surgery without a well-developed factual record on which to rule, and Plaintiff does not cite one in her brief, nor could counsel for Plaintiff name on at oral argument. Treatment of prisoners with gender dysphoria is a deeply complicated issue involving many factual considerations and requiring expert analysis, and one where there is little guidance from statutes or prior cases. Previous rulings may need to be revisited in light of new medical knowledge regarding gender dysphoria. But they may not be. The Court declines to rule on this deeply complicated issue without any factual record at all. The only circuit to rule that provision of gender-affirming surgery was constitutionally required had the benefit of four months of intensive discovery, including fact and expert discovery, and a three-day evidentiary hearing. Edmo v. Corizon, Inc., 935 F.3d 757, 767, 775 (9th Cir. 2019). As such, the Court declines to be the first to order gender-affirming surgery without the benefit of a factual record.

Second, Plaintiff cannot show a likelihood of success on the merits, as she must in order to obtain a preliminary injunction. The Court does not find that Defendants have shown a likelihood of success on the merits either. As already mentioned, the issues presented in this case are novel and deeply complicated, and previous rulings may need to be revisited in light of new medical knowledge.

However, the fact remains that, at present, of the five circuits to review this issue, four have held that provision of gender affirming surgery is not constitutionally required. Gibson v. Collier, 920 F.3d 212 (5th Cir. 2019); Campbell v. Kallas, 936 F.3d 536 (7th Cir. 2019); Lamb v. Norwood, 899 F.3d 1159 (10th Cir. 2018); Kosilek v. Spencer, 774 F.3d 63 (1st Cir. 2014) (en banc). When it had the opportunity to address this issue, the Fourth Circuit expressly declined to

10

determine whether a plaintiff could state a claim for deliberate indifference based on denial of gender-affirming surgery. De'Lonta v. Johnson, 708 F.3d 520, 521 (4th Cir. 2013).

To show a likelihood of success on the merits, Plaintiff need not show that she is certain to prevail but it is not enough for her to show that she is more likely than not to succeed. In the Fourth Circuit, a Plaintiff "must make a clear showing that [s]he is likely to succeed at trial." Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (emphasis added). Plaintiff cannot make a clear showing because the issues in this case are far from clear, especially without the benefit of any factual record.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Failure to State a Claim, (Doc. No. 9), and Plaintiff's Motion for Preliminary Injunction, (Doc. No. 13), will both be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim, (Doc. No. 9), and Plaintiff's Motion for Preliminary Injunction, (Doc. No. 13), are both **DENIED**.

Signed: September 23, 2022

Max O. Cogburn Jr
United States District Judge