THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:22-cv-191

| KANAUTICA ZAYRE-BROWN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **CONSENT MOTION FOR** |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | |
| NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, et al., | ) ) ) | |
| Defendant. | ) | |

NOW COME Defendants by and through Undersigned Counsel, with the consent of Counsel for Plaintiff, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, to request that the Court enter a Protective Order controlling the production of confidential documents, material, and information ("Confidential Information"). A copy of the proposed Protective Order is filed contemporaneously herewith. In support of this Motion, Defendants show the following:

1. During the course of this litigation, Defendants have obtained, and will continue to obtain, and disclose to Plaintiff, her counsel, or the Court, information from the North Carolina Department of Public Safety ("the Department") that is confidential by operation of federal and state law.

2. It is anticipated that such information may include:

    a. Information contained in "personnel files," as that phrase is defined in N.C.G.S. § 126-22;

    b. Records and related materials collected, created, and maintained by the Department pursuant to N.C.G.S. § 148-74, -76, -118.5, and § 122C-52;

    c. "Protected Health Information," as that phrase is defined in 45 C.F.R. § 160.103 in the control of or created by the Department;

    d. "Personally Identifiable Information," as that phrase is defined in 45 C.F.R. §

1

75.2;

e. The personal financial records, telephone records, and e-mail records of current or former employees and contractors of the Department;

f. Other non-public information as provided in N.C.G.S. § 132-1.7;

g. Information, reports, or communications related to an individual that have been collected or shared in relation to the Prison Rape Elimination Act, 34 U.S.C. § 30301 et seq.;

h. Other information that is potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a protective order under Rule 26(c)(1) of the Rules of Civil Procedure.

3. In light of the confidentiality of this information, a Protective Order is necessary to authorize the release of such Confidential Information and govern its handling as well as to ensure that Confidential Information is not disclosed or used for any purpose except in connection with this litigation.

4. Accordingly, Defendants, with the consent of counsel for Plaintiff, request that the Court enter the Protective Order attached hereto, which will permit the disclosure and govern the handling of such Confidential Information.

WHEREFORE, Defendants, with the consent of counsel for Plaintiff, hereby respectfully request that this Court enter the Protective Order attached hereto.

Respectfully submitted this the 1st day of November, 2022.

JOSHUA H. STEIN
ATTORNEY GENERAL

/s/ Orlando L. Rodriguez
Orlando L. Rodriguez
Special Deputy Attorney General
orodriguez@ncdoj.gov

Stephanie A. Brennan
Special Deputy Attorney General
sbrennan@ncdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide notice to the following counsel of record who represents Plaintiff:

Jaclyn A. Maffetore
Daniel K. Siegel
Michele Delgado
ACLU OF NORTH CAROLINA LEGAL FOUNDATION
jmaffetore@acluofnc.org
dsiegel@acluofnc.org
mdelgado@acluofnc.org

Christopher A. Brook
PATTERSON HARKAVY LLP
cbrook@pathlaw.com

Jon W. Davidson
Taylor Brown
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
jondavidson@aclu.org
tbrown@aclu.org

This the 1st day of December 2022.

/s/ Orlando L. Rodriguez
Orlando L. Rodriguez