# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:22-CV-191-MOC-DCK

| | |
|---|---|
| KANAUTICA ZAYRE-BROWN, | ) |
| Plaintiff, | ) |
| v. | ) **CONSENT** |
|  | ) **PROTECTIVE ORDER** |
| NORTH CAROLINA DEPARTMENT | ) |
| OF PUBLIC SAFETY, et al., | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Consent Motion For Protective Order" (Document No. 29) filed December 1, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion, and enter the parties proposed Protective Order as set forth below.

The Court notes that during the course of this litigation, Defendants have obtained and will continue to obtain and disclose to Plaintiff or the Court, information and documents from the North Carolina Department of Public Safety ("the Department") that are deemed confidential under various provision of federal and state law, including but not limited to, N.C.G.S. §§ 126-22(3) and -24, § 122C-52, § 132-1.7, § 148-74 and -76; Goble v. Bounds, 13 N.C. App. 579, 581, 186 S.E.2d 638, 639, aff'd, 281 N.C. 307, 188 S.E.2d 347 (1972); Paine v. Baker, 595 F.2d 197, 200 (4th Cir. 1979), cert. denied, 444 U.S. 925 (1979); 42 U.S.C. § 1320d *et seq.*; and 45 C.F.R. §§ 160-164.

In light of the confidential nature of much of the information which will be produced in this litigation, a Protective Order is necessary to authorize the release of such confidential

information and to ensure that such confidential information is not disclosed or used for any purpose except in connection with this litigation.

**IT IS, THEREFORE, ORDERED** that the parties' proposed Protective Order is entered as follows.

1. <u>Scope of the Order</u>. This Order applies to all information produced to, by, or on behalf of any party or non-party in any pleading, discovery request, discovery response, document production, subpoena, court order, or any other disclosure or discovery proceeding in this action, including any documents or information exchanged prior to the entry of this order.

2. <u>Use of Confidential Information</u>. All Confidential Information, as defined in this Order, shall be used solely in the prosecution or defense of this action, and shall not be used or disclosed by any person for any other purpose.

3. <u>Disclosure</u>. "Disclose" or "disclosure" means to provide, impart, transmit, transfer, convey, publish, or otherwise make available.

4. <u>Confidential Information</u>. "Confidential Information" consists of "General Confidential Information" and "Attorneys' Eyes Only Confidential Information," which are defined as follows:

    A. "General Confidential Information" refers to and includes:

    i. Information and documents contained in "personnel files," as that phrase is defined in N.C.G.S. § 126-22, excluding "Personally Identifiable Information" as described in Paragraph 4(B)(i);

    ii. Information, documents, and related materials collected, created, and maintained by the Department pursuant to N.C.G.S. § 148-74, -76, -118.5; and § 122C-52;

iii. "Protected health information" as that phrase is defined in 45 C.F.R. § 160.103;

iv. Information, reports, or communications related to an individual that have been collected or shared in relation to the Prison Rape Elimination Act, 34 U.S.C. § 30301 *et seq.*;

v. Other information that is potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a protective order under Rule 26(c)(1) of the Rules of Civil Procedure.

B. "Attorneys' Eyes Only Confidential Information" means:

i. "Personally Identifiable Information," as that phrase is defined in 45 C.F.R. § 75.2, of current or former employees and contractors of the Department, such as but not limited to date of birth, social security numbers, home addresses and telephone numbers, insurance records or designations, medical and/or disability information, and other purely private information;

ii. The personal financial records, telephone records, and e-mail records of current or former employees and contractors of the Department; and

iii. Other highly sensitive information, such as security information or detailed plans, patterns, or practices associated with prison operations. See N.C.G.S. § 132-1.7.

5. <u>Disclosure of General Confidential Information</u>. General Confidential Information shall not be disclosed to anyone except:

A. The court and its personnel;

B. The parties to this action;

C. Counsel for the parties to this action and employees of said counsel;

D. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, including process servers, but only after execution of a Confidentiality Agreement as provided in Paragraph 7; and

E. Court reporters or videographers engaged to record depositions, hearings, or the trial in this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 7.

6. <u>Disclosure of Attorneys' Eyes Only Confidential Information</u>. Attorneys' Eyes Only Confidential Information shall not be disclosed to anyone except:

A. The court and its personnel;

B. Counsel for the parties to this action and employees of said counsel;

C. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, including process servers, but only after execution of a Confidentiality Agreement as provided in Paragraph 7; and

D. Court reporters or videographers engaged to record depositions, hearings, or the trial in this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 7.

7. <u>Confidentiality Agreements</u>. Before Confidential Information or Attorneys' Eyes Only Confidential Information is disclosed to any person described in Paragraphs 5(D), 5(E), 6(C), or 6(D), of this Order, counsel for the party disclosing the information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed a copy of the Confidentiality Agreement attached hereto as **Exhibit A**. Counsel for the party disclosing the Confidential Information to said person shall maintain the original Confidentiality Agreement and need not produce it except by agreement of the parties or upon order of the court.

8. <u>Designation of Confidential Information</u>. Information shall be designated as Confidential Information in the following manner:

A. In the case of information reduced to physical paper form or information reduced to non-physical paper form upon which a designation can be clearly affixed (e.g. PDF documents), the designation shall be made:

  i. by the producing party placing the appropriate legend, "GENERAL CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" for General Confidential Information or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" for Attorneys' Eyes Only Confidential Information, on each page containing such information or;

  ii. by such other means as agreed to by the parties. The party disclosing the information shall designate the documents as confidential at or before the time of disclosure. A party may make the designation with respect to information

disclosed by another party by a writing directed to the producing party's counsel. The producing party's counsel shall then be responsible for labeling the designated information as provided herein.

B. Except as provided in Paragraph 8(A), above, information on a computer disk, data tape, or other medium that has not been reduced to paper form shall be designated as General Confidential Information or Attorneys' Eyes Only Confidential Information:

 i. by informing counsel for the parties to this action in writing that the computer disk, data tape, or other medium contains such Confidential Information and, where applicable, specifying by Bates or other page number the particular information being designated or;

 ii. by such other means as agreed to by the parties. To the extent practicable, such physical medium should also be labeled using the appropriate legend. Any party receiving Confidential Information designated under this Paragraph 8(Bb) shall then be responsible for appropriately labeling any printed version(s) of such information that it creates.

C. In the case of deposition testimony, any party may designate information disclosed during a deposition as General Confidential Information or Attorneys' Eyes Only Confidential Information by either:

 i. identifying on the record at the deposition the information that is to be treated as Confidential Information; or

 ii. marking the portions of the deposition transcript to be designated as Confidential Information within 21 days after receipt of the transcript. When the deponent and

the attending parties do not agree to waive the reading, correcting, and signing of the transcript, all information disclosed during a deposition shall be treated as General Confidential Information before the expiration of the 21-day period unless otherwise agreed by the parties and the deponent. Notwithstanding the previous sentence, if a party has reason to believe that some portion of the deposition testimony contains Attorneys' Eyes Only Confidential Information, that party must communicate to the other party which portion of the deposition testimony contains Attorneys' Eyes Only Confidential Information, and the parties shall treat such portion of the deposition testimony as such during this 21-day period. If any deposition testimony or any document or information used during the course of a deposition is designated as Confidential Information, each page of the deposition transcript containing such information shall be labeled with the appropriate legend specified in Paragraph 8(A), and the first page of the deposition transcript shall be labeled in a manner that makes it readily apparent that the transcript contains Confidential Information.

D.  Any other information that is not reduced to physical form or cannot be conveniently labeled shall be designated as Confidential Information by serving a written notification of such designation on counsel for the other parties. The notice shall, where applicable, specify by Bates or other page number the particular information being designated.

9.  <u>Disputes over Designations</u>.  If any party objects to the designation of any information as confidential, counsel for the objecting party and counsel for the designating party shall attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting party may move the court for appropriate relief. The information in question shall

continue to be treated as confidential in accordance with the disputed designation unless and until the court issues a final ruling that the information does not qualify for such a designation. The non-filing by the objecting party of a motion for relief shall not be deemed an admission that the information in question qualifies for the disputed designation.

10. <u>Inadvertent Disclosure of Confidential Information</u>. Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for each receiving party.

11. <u>Filing of Confidential Information Under Seal</u>. Before filing a document containing any Confidential Information or containing the "dead name" of any individual,[1] the filing party must confer with the other parties about how the document should be filed, including whether redaction or other measures might obviate the need to file the document under seal. If the filing party decides that the document should be sealed, the filing party shall file the document along with a motion to seal and supporting memorandum showing that the document may properly be sealed, in accordance with Local Civil Rule 6.1. If a party other than the filing party seeks to have the document sealed, the filing party shall, in accordance with the W.D.N.C. Administrative Procedures Governing Filing and Service by Electronic Means, § II.A.11, submit the document for in camera review, and shall file a notice stating that, pursuant to this Paragraph, any party seeking the sealing of the document must within 7 days file a motion to seal and supporting memorandum. If no such motion is filed, the filing party may file the document publicly.

---

[1] An individual's "dead name" is the name given at or shortly after birth to a transgender person who has changed their name as part of their gender transition.

12. <u>Authors/Recipients</u>.  Except as specifically provided herein, this Order shall not limit use by a party of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

13. <u>Return of Confidential Information</u>.  Following the conclusion of this action, including any appeals, the Department may request in writing the return of Confidential Information by any other party.  Within 60 days after service of such a request, any party that received the Confidential Information shall either return it to counsel for the requesting party or destroy it, at the election of the receiving party; provided that the information shall not be destroyed if otherwise ordered by the court or a motion for relief from this Paragraph is pending.  If a receiving party elects to destroy the Confidential Information rather than returning it to the Department, counsel for the receiving party shall provide to the requesting party by the 60- day deadline a signed certification that the Confidential Information has been destroyed.  This Paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys of record for each party as archival records or other attorney work-product created for any party. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this Paragraph shall remain subject to the terms of this Order.  The return of trial exhibits by the court shall be governed by Local Civil Rules 6.1 or 79.1.  The ultimate disposition of Confidential Information or any other protected materials is subject to a final order of the Court on the completion of litigation.

14. <u>Admissibility of Information</u>. Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to (1) preclude objections to the production of information defined as confidential under this

Order; or to (2) establish or vitiate the admissibility under the Federal Rules of Evidence any information subject to this Order.

15. <u>Confidential Employee Information</u>. Pursuant to N.C.G.S. § 126-24(4), this Order specifically authorizes the disclosure of confidential portions of the personnel files maintained by the Department of current or former employees in accordance with the terms of this Order.

16. <u>Modification</u>. This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

**SO ORDERED**.

Signed: December 2, 2022

_____
David C. Keesler
United States Magistrate Judge

# EXHIBIT A – CONFIDENTIALITY AGREEMENT

I, _____ have read and am familiar with the terms of the Consent Protective Order in the case of <u>Kanautica Zayre-Brown v. The North Carolina Department of Public Safety, et al.</u>, Civil Action No. 3:22-CV-191-MOC-DCK.   I agree to the following:

    1.    To abide by all the terms of said Order and not to reveal or otherwise communicate any of the Confidential Information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order.

    2.    To make use of any information obtained, whether in documentary or other form, pursuant to that Order other than for purposes of this litigation.

    3.    Upon written request, to return to counsel of record or to destroy not later than sixty (60) days after notification of the termination of this litigation any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports, or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).

    4.    To submit myself to the jurisdiction of the foregoing Court, including its contempt power, for enforcement of said Order.

This the _____ day of _____, 202__.

_____