IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-191-MOC-DCK

| | |
|---|---|
| KANAUTICA ZAYRE-BROWN, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, et al., | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion For An Order Compelling Plaintiff To Submit To Rule 35 Examinations" (Document No. 37). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion and the record, the undersigned will grant the motion in part and deny the motion in part.

## BACKGROUND

Kanautica Zayre-Brown ("Plaintiff") initiated this action with the filing of the "Complaint" on April 28, 2022. (Document No. 1). "Plaintiff is a transgender woman who has been diagnosed as suffering from gender dysphoria, a serious medical condition." (Document No. 1, ¶ 1). Plaintiff "has been in the custody of the North Carolina Department of Public Safety ("DPS") since October 2017." Id. Plaintiff contends that DPS and its officials ("Defendants") "have a constitutional obligation to provide Plaintiff with the medically necessary care she requires," including "treatment for gender dysphoria." Id. Specifically, Plaintiff seeks "gender-affirming surgery for the treatment of gender dysphoria." (Document No. 1, ¶ 5).

By denying the requested treatment, Plaintiff contends that "Defendants have violated Plaintiff's rights under federal and state law" and she "seeks declaratory and injunctive relief, and damages." (Document No. 1, ¶ 7). Plaintiff asserts claims for: (1) Cruel and Unusual Punishment in Violation of the Eighth Amendment to the U.S. Constitution; (2) Cruel or Unusual Punishment in Violation of N.C. Const. Art. I, Section 27; (3) Discrimination on the Basis of Disability in Violation of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq.; and (4) Discrimination on the Basis of Disability in Violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §794a. (Document No. 1, pp. 38-45).

"Defendants' Motion To Dismiss" (Document No. 9) was filed June 24, 2022, and "Plaintiff's Motion For Preliminary Injunction" (Document No. 13) was filed on June 28, 2022. The Honorable Max O. Cogburn, Jr. denied both motions on September 23, 2022. (Document No. 25). In his decision, Judge Cogburn included the following observation:

> Treatment of prisoners with gender dysphoria is a deeply complicated issue involving many factual considerations and requiring expert analysis, and one where there is little guidance from statutes or prior cases. Previous rulings may need to be revisited in light of new medical knowledge regarding gender dysphoria. But they may not be. The Court declines to rule on this deeply complicated issue without any factual record at all. The only circuit to rule that provision of gender-affirming surgery was constitutionally required had the benefit of four months of intensive discovery, including fact and expert discovery, and a three-day evidentiary hearing. Edmo v. Corizon, Inc., 935 F.3d 757, 767, 775 (9th Cir. 2019). As such, the Court declines to be the first to order gender-affirming surgery without the benefit of a factual record.

(Document No. 25, p. 10).

The Court entered a "Pretrial Order And Case Management Plan" (Document No. 28) on October 20, 2022. The case deadlines have since been revised and include the following: "completion of discovery – **within 45 days from the date of the provision of Defendants' expert**

**reports**; mediation report – **within 30 days of the completion of discovery**; and dispositive motions – **within 45 days of the completion of discovery**." (Document No. 46).

"Defendants' Motion For An Order Compelling Plaintiff To Submit To Rule 35 Examinations" (Document No. 37) was filed on February 17, 2023, and is ripe for review and disposition. See (Document Nos. 38, 39, 40).

## DISCUSSION

By the instant motion, Defendants seek an order compelling Plaintiff "to submit to a mental examination before Joseph V. Penn, MD, CCHP, FAPA, and separately to submit to a mental examination before Sara E. Boyd, Ph.D., ABPP." (Document No. 37, p. 1). Defendants seek a total of ten and a half (10.5) hours of examination time over three (3) days. (Document No. 37, p. 2).

The parties agree that a motion pursuant to Rule 35 requires a showing that: (1) the nonmoving party's mental or physical condition is in controversy; and (2) the movant has demonstrated that good cause exists for the examination. See (Document No. 38, pp. 4-5; Document No. 39, p. 7); see also Fed.R.Civ.P. 35 (1) & (2).

Defendants note that this Court has found the "in controversy" requirement is met where:

> (1) the plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) the plaintiff has claimed unusually severe emotional distress; (3) the plaintiff has alleged a specific type of disorder or other psychiatric injury; (4) the plaintiff has offered her own expert testimony to supplement her claim of emotional distress; or (5) the plaintiff concedes that her medical condition is "in controversy" pursuant to Rule 35.
>
> *Simon v. Bellsouth Advert. & Publ'g Corp.*, 2010 U.S. Dist. LEXIS 46388, at *5 (W.D.N.C. Mar. 31, 2010) (emphasis in original) (citing *E.E.O.C. v. Maha Prabu, Inc.*, 2008 U.S. Dist. LEXIS 74393

3

> at *3 (W.D.N.C. June 23, 2008) citing *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D.Cal. 1995)). This court has referred to these factors above as the "*Turner* factors." *See Simon* at *6.

(Document No. 38, p. 6).

Regarding the "good cause" requirement, Defendants assert that

> the rule "stipulates that good cause exists for an independent medical evaluation where the claimant's condition is not only relevant, but necessary.' *EEOC* at *5-6. Whether "good cause" is established depends on both relevance and the requesting party's need for the mental examination. *Id.* at *2 (citing *Guilford Nat. Bank of Greensboro v. S. Ry. Co.*, 297 F.2d 921, 924 (4th Cir. 1962).

(Document No. 38, p. 7).

In support of the motion to compel, Defendants argue that there is no serious debate that Plaintiff's mental condition is in controversy because the basis for all her claims is "that she has and will continue to suffer emotional, psychological, and physical distress as a result of Defendants alleged inadequate treatment of her gender dysphoria." (Document No. 38, p. 4). Defendants note that Plaintiff alleges she "needs gender-affirming surgery for the treatment of gender dysphoria." (Document No. 38, p. 8) (citing Document No. 1, ¶ 5). And, "[m]ore specifically, Plaintiff contends that Defendants' treatment and management of her gender dysphoria has and continues to violate her rights under the Eighth Amendment of the United States Constitution, Article I, Section 27 of the North Carolina Constitution, the Americans with Disabilities Act, and the Rehabilitation Act." (Document No. 38, pp. 8-9) (citing Document No. 1 ¶¶ 144-178).

Defendants further argue that three of the five Turner factors are present in this case: (2) Plaintiff has claimed unusually severe emotional distress; (3) Plaintiff has alleged a specific type of disorder or other psychiatric injury; and (4) Plaintiff has offered her own expert testimony to supplement her claim of emotional distress. (Document No. 38, p. 9) (citations omitted).

4

Case 3:22-cv-00191-MOC-DCK   Document 47   Filed 06/07/23   Page 4 of 8

Defendants conclude there is no reasonable dispute that Plaintiff's mental condition is in controversy. (Document No. 38, p. 10).

Next, Defendants argue that there is good cause for the Rule 35 examinations because the requested examinations are relevant in this case where all Plaintiff's claims center on her gender dysphoria. Id. Defendants contend the proposed examinations are necessary to "assess Plaintiff's psychiatric, medical, and psychological conditions, relative to the scale and scope of her gender dysphoria, its manifestations, causes, and impact on her daily life." Id.

In addition, Defendants assert that the need for examination is demonstrated by Plaintiff's reliance "on her expert Randi C. Ettner, Ph.D., who has submitted a comprehensive report, which is based, at least in part, on her own in-person examination of Plaintiff." Id. "Moreover, Dr. Ettner appears to be critical of the fact that early in this litigation, in response to Plaintiff's motion for a preliminary injunction, Defendants submitted expert affidavits from Drs. Penn and Boyd, without either of them interviewing or evaluating Plaintiff." Id. (citing Document No. 22-1). "In fact, Dr. Ettner pointedly writes 'Dr. Penn did not evaluate Mrs. Zayre-Brown and offers no justification as to why an evaluation was unnecessary to reach his conclusions.'" (Document No. 38, pp. 10-11) (citing Document No. 22-1, ¶ 21).

Defendants argue that the requested examinations "are necessary to afford Defendants a fair opportunity to counter Dr. Ettner's conclusions regarding the risks of inadequate treatment, as they relate specifically to Plaintiff." (Document No. 38, p. 11). Defendants conclude that the Rule 35 examination is not only relevant, but necessary to Defendant's defense, and therefore, good cause exists for both requested examinations. (Document No. 38, p. 13).

In opposition, Plaintiff first argues that Defendants have not shown good cause because they already possess extensive information about Plaintiff's health and have not exhausted less

invasive means of discovery. (Document No. 39, p. 8). Plaintiff notes that since "entering Defendants' custody in 2017," she "has been repeatedly evaluated – by providers chosen by Defendants – for her gender dysphoria and requests for surgery." (Document No. 39, p. 9). Plaintiff suggests that Rule 35 examinations should not be allowed since Defendants: have had "full access to [Plaintiff's] extensive medical records; have deposed her and reviewed her discovery responses; and could still seek other discovery. Id.

Plaintiff also argues that the examinations Defendants seek would be redundant because they seek information that is already detailed in Plaintiff's "voluminous medical records." (Document No. 39, pp. 10-11).

Next, Plaintiff asserts that Defendants' proposed examiners are not qualified. (Document No. 39, pp. 12-15) (citing Fed.R.Civ.P. 35(a)(1)). Plaintiff argues that Dr. Penn and Dr. Boyd are "grossly unqualified to opine on the core issue in this case: the medical necessity of gender-affirming surgery." (Document No. 39, p. 13). Moreover, Plaintiff is persuaded that Dr. Penn has already reached a conclusion about the main issue in the case. Id. In the end, Plaintiff argues that ten hours and thirty minutes of examination is not proportional, and suggests that any examination at all should be no more than five (5) hours and not taken by Dr. Penn. (Document No. 39, p. 17).

Finally, Plaintiff argues that the examinations are not necessary "considering the limited extent [Plaintiff's] health may be 'in controversy.'" (Document No. 39, pp. 15-16). Plaintiff acknowledges that "her need for gender-affirming surgery and the harm she has suffered without it" are "arguably in controversy." (Document No. 39, p. 15). Still, Plaintiff argues that Defendant's denial of "treatment had nothing to do with Zayre-Brown herself," and instead, "Defendants have instituted a blanket ban on gender-affirming surgery." Id. Plaintiff concludes that "*Plaintiff's* individual health status is not truly in controversy." (Document No. 39, p. 16).

6

Case 3:22-cv-00191-MOC-DCK   Document 47   Filed 06/07/23   Page 6 of 8

"Defendants' Reply…" first notes that Plaintiff opposes their "Rule 35 even though the allegations in her complaint put her condition squarely at issue, Plaintiff's own expert has already performed (and relies upon) the same type of examination requested by Defendants, and Plaintiff's expert *has already submitted an affidavit criticizing one of Defendants' experts for failing to do the examinations they now request*." (Document No. 40, p. 1).

In addition, the reply brief persuasively re-asserts Defendants' arguments that there is good cause for the requested examinations and that Plaintiff's mental and/or physical condition is in controversy. (Document No. 40).

Based on the parties' arguments, and applicable authority, the undersigned finds that Plaintiff's physical and/or mental condition is sufficiently in controversy and that Defendants' request to examine Plaintiff is reasonable and supported by good cause. Moreover, developing a more complete record also seems to be consistent with Judge Cogburn's expectations for this case. See (Document No. 25, p. 10) ("The Court is unaware of any other court to order gender-affirming surgery without a well-developed factual record . . . gender dysphoria is a deeply complicated issue involving many factual considerations and requiring expert analysis"). Based on the foregoing, the undersigned will allow the motion to compel, with modification.

It appears that the parties came close to reaching an agreement on a single examination by one expert, Dr. Boyd, and the undersigned agrees that such an examination seems to be an appropriate resolution of this dispute. Compare (Document No. 39, p. 17 and Document No. 45, pp. 4-5). As such, Defendants will be allowed up to **six (6) hours** for Sara Boyd, Ph.D. to conduct an examination of Plaintiff pursuant to Fed.R.Civ.P. 35.

The Court will deny the request as to Dr. Penn, without prejudice to Defendants renewing the request for an additional Rule 35 examination at a later date (after Dr. Boyd's examination) if necessary and proportional to the needs of the case.

Defendants shall provide Plaintiff's counsel a list of topics to be covered in Dr. Boyd's examination at least **seven (7) days** before the examination and shall abide by the requirements of Rule 35. The undersigned will respectfully decline to place any additional conditions on the examination, but expects counsel for both sides to work together in an efficient and professional manner to work out any necessary details.

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion For An Order Compelling Plaintiff To Submit To Rule 35 Examinations" (Document No. 37) is **GRANTED in part, and DENIED without prejudice in part:** Sara Boyd may conduct an in-person examination of Plaintiff as directed herein; at this time, the request for Joseph V. Penn to conduct an examination is denied.

**SO ORDERED**.

Signed: June 7, 2023

David C. Keesler
United States Magistrate Judge