IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:22-cv-191

| | |
|---|---|
| KANAUTICA ZAYRE-BROWN,<br><br>Plaintiff,<br><br>v.<br><br>NORTH CAROLINA DEPARTMENT OF ADULT CORRECTION, et al.,<br><br>Defendants. | **DEFENDANTS' SUPPLEMENTAL RESPONSE TO THE COURT'S INJUNCTION** |

On July 26, 2024, Defendants filed a notice in response to the Court's injunction. (DE 128) On July 30, 2024, Plaintiff filed a response to Defendants' notice. (DE 129) On August 16, 2024, the Court held a hearing to address the parties' respective filings. Toward the conclusion of the hearing, the Court instructed Defendants to submit an additional filing no later than Friday, August 23, 2024, that addressed two points: (1) any objections to the additional materials that Plaintiff proposes be provided to the new committee; and (2) the timing of the new committee's review, assuming a telehealth clinical interview could be part of the review.

**Objection to the Provision of Additional Materials as Requested by Plaintiff**

In their response, Defendants proposed providing the following set of materials to the new committee members: (1) the medical records found at Defendants' Exhibit 8 entered into evidence during the February 20, 2024, hearing; (2) Plaintiff's entire health chart from her admission into the Department's custody in October 2017 through the present; (3) the results of the psychometric assessments performed by Plaintiff's expert, Randi C. Ettner, Ph.D., and Defendants' expert, Sara Boyd, Ph.D. (DE 128 at 3)

Plaintiff agrees with this proposal, but also proposes providing additional materials, namely: (1) the declaration of Katherine Croft (DE 62-16); (2) the declaration of Dr. Bradley Figler (DE 62-17); (3) the declaration of Dr. Donald Caraccio (DE 62-18); (4) the declaration of Jennifer Dula (DE 62-19); and (5) the expert report of Dr. Randi Ettner (DE 62-2). (*See* DE 129 at 4) The Court should reject Plaintiff's request to provide additional materials to the new committee members for three reasons.

*First*, the additional materials that Plaintiff has proposed consist of litigation-orientated assertions and opinions that could bias the objective review contemplated by this new committee. Of the two options offered by the Court, Defendants have elected to "form a new committee to re-evaluate Plaintiff's surgical request." (*See* DE 116 at 7) Defendants understand the goal of this option to be a neutral reassessment of Plaintiff's accommodation request. To maximize the objectivity of the reassessment, it should be based solely on a new committee's review of Plaintiff's medical chart, their clinical interviews with her, and their own professional judgment. The re-assessment of the surgical request should not be based upon nor influenced by the opinions and assertions of the litigants or their agents. The additional materials proposed by Plaintiff, the expert report and declarations, were created for the purpose of advancing Plaintiff's position in this litigation. Indeed, the four declarations arguably contain expert opinions. The thrust of the testimony in the four declarations is that the requested surgery is medically necessary because it would ameliorate or even cure Plaintiff's gender dysphoria. The declarants appear to base these opinions on their specialized education, training, and experience. Thus, these opinions and assertions go well beyond the scope of the factual interactions captured in the contemporaneous

records created through such interactions and well into improper expert opinion territory.[1] Providing the opinions and assertions contained in these additional materials to the new committee could jeopardize the objectivity of the committee, which of course would run counter to its very purpose.

*Second*, the additional materials proposed by Plaintiff are not of the sort that clinicians would ordinarily review in evaluating a request for medical services. As noted, these additional materials consist of opinions and assertions about whether the authors believe surgery is medically necessary. Such materials cannot be said to convey any objective medical or mental health information not already contained in the medical record. As such, these materials have no value in aiding the new committee's determination of whether surgery is medically necessary.

*Third*, contrary to Plaintiff's contention, the materials do not contain more contemporaneous information than the information Defendants proposed that the new committee would review. Plaintiff appears to contend that inclusion of these additional materials is necessary because the "issue here is whether surgery medically necessary *now*, not solely whether what the DTARC decided in February of 2022 was justified." (DE 129 at 4) (emphasis in original) However, these additional materials do not capture more contemporaneous information that is not already captured in the medical records.

For instance, Ms. Croft's declaration indicates that she had one telehealth appointment with Plaintiff in May 2021. *See* DE 62-16 at 5. Similarly, Dr. Figler's declaration describes the one

---

[1] Defendants reserve their right to move to exclude certain portions of these declarations as improper, undisclosed expert testimony. Plaintiff was required to disclose experts in accordance with Rule 26, which points to either a stipulation of the parties or an order of the Court with respect to the timing of expert disclosures. In this case, by court order, Plaintiff's expert report deadline was February 3, 2023. DE 36. These declarations were filed in support of Plaintiff's motion for partial summary judgment on October 5, 2023 (*see* DE 62-16, 62-17, 62-18, and 62-18), over seven months past the deadline. Moreover, even if Plaintiff contended that these opinions were offered solely for rebuttal purposes, the disclosure is nonetheless untimely. Defendants disclosed their expert reports on July 6, 2023, thereby making the deadline to disclose rebuttal evidence August 7, 2023. *See* Rule 26(a)(2)(D)(ii).

clinical encounter that he had with Plaintiff in July of 2021. (*See* DE 62-17 at 2-5) In her declaration, Jennifer Dula, a licensed clinical social worker, states that she provided mental health services to Plaintiff from October through December 2019, and from January 2022 through April 2022. (DE 62-19 at 2) Dr. Caraccio's declaration reviews his clinical encounters with Plaintiff, which began in July 2020 and ended in May 2023. (*See* DE 62-18 at 4-9) Thus, it is not the case that these declarations provide more timely, objective medical information that can be useful for the new committee's assessment of whether surgery medically necessary *now*. Notably, the committee will already have access to the medical records created at the time that these declarations and report were created. In fact, the committee will have access to Plaintiff's entire health chart, which will necessarily include records of *all* clinical encounters between the four declarants and Plaintiff. What the committee will not have access to is the more recent characterization of these medical records through the declarations and expert report created for purposes of the litigation. For these reasons, the Court should reject Plaintiff's request to provide these additional materials to the new committee.

If the Court concludes that these additional materials should be provided to the new committee members, then Defendants respectfully request that the expert reports of Dr. Penn (DE 65-13) and Dr. Boyd, (DE 65-1), along with Dr. Boyd's videotaped interview of Plaintiff, also be provided. While Plaintiff has moved to exclude Defendants' experts, the Court has not ruled on those motions. Moreover, during the August 16, 2024, hearing, the Court indicated that it did not intend on excluding Defendants' experts. The content of the reports of Drs. Penn and Boyd is at least of the same value as that of Dr. Ettner's report and was created for the same purpose. Thus, fairness and completeness dictate that, if the new committee members are provided the evidence submitted in support of Plaintiff's litigation position, Defendants' evidence also be provided.

Page **4** of **5**

Case 3:22-cv-00191-MOC-DCK   Document 132   Filed 08/23/24   Page 4 of 5

## Clinical Interview and Timing

Defendants are presently confirming compliance with the rules regarding clinical interviews conducted by out-of-state physicians. Thus, assuming Drs. Renberg and Simopoulos are able to conduct clinical interviews of Plaintiff, the new committee's reassessment will likely require more time than initially contemplated. Thus, Defendants propose the following timetable for completion of the reevaluation of Plaintiffs' request. Absent any unforeseen developments, Defendants propose that the record review, clinical interview, and the committee meeting occur within 45 days of the entry of an order approving the new committee and that the consensus report or individual reports be submitted to Defendants' counsel within 60 days of the entry of an order approving the new committee. This report will include all materials created or relied upon by the new committee members in reaching their decision(s).

This the 23rd day of August 2024.

JOSHUA H. STEIN
**Attorney General**

/s/ Orlando L. Rodriguez
Orlando L. Rodriguez
Special Deputy Attorney General
NC Bar No. 43167
orodriguez@ncdoj.gov

Stephanie A. Brennan
Special Deputy Attorney General
NC Bar No. 35955
sbrennan@ncdoj.gov

NC Department of Justice
PO Box 629
Raleigh, NC 27602-0629
(919)716-6900

***Attorneys for Defendants***