IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:22-cv-191

KANAUTICA ZAYRE-BROWN,

Plaintiff,

v.

NORTH CAROLINA DEPARTMENT OF ADULT CORRECTION, et al.,

Defendants.

**DEFENDANTS' NOTICE REGARDING THE COURT'S ORDER (DE 134)**

On September 23, 2024, the Court entered an order regarding the materials to be provided to the new committee (*i.e.*, Drs. Renberg and Simopolous) to facilitate the re-evaluation of Plaintiff's request for gender-affirming surgery. (DE 134) Defendants provide this notice to advise the Court of other certain aspects of the re-evaluation.

### Provision of Materials to Drs. Renberg and Simopolous

Immediately upon receiving the Court's order, the undersigned counsel contacted Drs. Renberg and Simopolous to inform them of the Court's approval and of the timeline. The undersigned counsel also promptly provided the following materials to the new committee to facilitate their re-evaluation of Plaintiff's request for gender-affirming surgery:

- Selected Health records – entered as Defendants' Exhibit 8 at the February 20, 2024, hearing.

- Plaintiff's entire prison system health record – from 10/2017 through present

- The Declaration of Kathrine Croft (DE 62-16)

- The Declaration of Bradley Figler, MD (DE 62-17)

- The Declaration of Donald Caraccio, MD (DE 62-18)

- The Declaration of Jennifer Dula (DE 62-19)

- Expert Report of Randi C. Ettner, Ph.D. (DE 62-2)

- Expert Report of Sara Boyd, Ph.D. (DE 65-1)

- Video of Dr. Boyd's clinical interview of Plaintiff on June 20, 2023.

In addition, Dr. Boyd will provide the computerized score report narratives of the psychometric testing done by Drs. Ettner and Boyd, which must be sent directly without counsel's involvement.

## Clinical Interviews

Since the hearing with the Court in August, when the possibility of the reviewers conducting an in-person examination was discussed, Defendants' counsel has worked to help facilitate these examinations, including by consulting with the North Carolina Medical Board and coordinating an affiliation with a local physician to help alleviate any concern with practice of medicine in the state. In the Court's latest order, it did not mandate that one or both of the new committee members conduct a clinical interview of Plaintiff. However, out of an abundance of caution, Defendants wanted to bring to the Court's attention an issue that will preclude one of the two reviewers from personally conducting an examination of Plaintiff.

As to Dr. Simopolous, he intends to conduct a telehealth encounter and clinical interview with Plaintiff, and that has already been scheduled consistent with the Court's timeline.

As to Dr. Renberg, when counsel contacted her to inform her of the recent order from the Court and ask her to commence the review immediately upon receiving it, Dr. Renberg informed the undersigned that she will not be able to conduct a telehealth encounter with Plaintiff in the allotted timeline. Dr. Renberg is presently covered under a malpractice policy through her employer, Centurion. But that policy does not extend to work that she may perform outside of her

position as the Statewide Psychiatric Medical Director for Centurion in Pennsylvania. Thus, Dr. Renberg must procure a separate malpractice insurance. While she began that process well before the most recent order, to date, that process remains ongoing, and she does not yet have an active policy. Moreover, in part because she is currently in Africa and not scheduled to return until September 30, 2024, and because securing such coverage can be a time-consuming process, Dr. Renberg will not be able to secure an appropriate insurance policy in enough time to conduct a clinical interview of Plaintiff during the 14-day timeline set out by the Court.

Defendants do not expect this to impact its ability to complete the re-evaluation of Plaintiff's requested surgery. Dr. Renberg informs counsel that she does not require a personal interview to conduct this evaluation, as she will have access to all of the materials listed above, including the videotaped assessment by Dr. Boyd and Dr. Ettner and Boyd's testing. She will also have the opportunity to consider Dr. Simopolous' assessment during the committee discussion. Therefore, Defendants' intention is to move forward with only one reviewer conducting an examination on the Court's timeline in order to meet the requirements of the Court's order.

**Completion of the Review and Reporting Back to the Court**

Barring unforeseen circumstances and despite Dr. Renberg's travel, the new committee members anticipate completing their initial reviews on the schedule set by the Court, by Monday, October 7, 2024, which is 14 days from entry of the latest order of the Court. Thereafter, by Wednesday, November 6, 2024 (which is 30 days from the completion of the review), the new committee members (Drs. Renberg and Simopolous) will confer with one another, provide either a joint report or individual reports to the undersigned counsel, and Defendants will confer with their clients and advise Plaintiff's counsel and the Court about the results of the review.

This the 25th day of September 2024.

           **JOSHUA H. STEIN**
           **Attorney General**

           /s/ Orlando L. Rodriguez
           Orlando L. Rodriguez
           Special Deputy Attorney General
           NC Bar No. 43167
           orodriguez@ncdoj.gov

           Stephanie A. Brennan
           Special Deputy Attorney General
           NC Bar No. 35955
           sbrennan@ncdoj.gov

           NC Department of Justice
           PO Box 629
           Raleigh, NC 27602-0629
           (919)716-6900

           ***Attorneys for Defendants***