IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KANAUTICA ZAYRE-BROWN,<br><br>Plaintiff,<br><br>v.<br><br>THE NORTH CAROLINA DEPARTMENT OF ADULT CORRECTION, *et al.*,<br><br>Defendants. | No. 3:22-cv-00191-MOC-DCK |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
NOTICE OF COMPLIANCE WITH THE COURT'S INJUNCTION**

On September 23, 2024, following a hearing, this Court approved Drs. Renberg and Simopoulos to re-evaluate Plaintiff's need for gender-affirming surgery. (Doc. 134 at 1). The Court ordered that a review take place by October 7, 2024, and that in the thirty days thereafter, Drs. Simopoulos and Renberg would, as "the new committee," "meet, prepare a report, and inform the Court and Plaintiff whether Defendants will provide Plaintiff the surgery she seeks." *Id.*

On November 6, 2024, Defendants filed their "Notice of Compliance with the Court's Injunction" and a statement from each doctor. (Docs. 140, 140-1, 140-2). Defendants state that "Drs. Renberg and Simopoulos both concluded that the gender affirming surgery requested by Plaintiff is not medically necessary." (Doc. 140 at 2-3). As explained below, Defendants have failed to comply with basic aspects of the Court's orders, and their submission is ultimately irrelevant because Plaintiff has been released from state custody.

1

# I. Defendants have not fully complied with the Court's order.

The Court's permanent injunction required Defendants to have new doctors reevaluate whether gender-affirming surgery is medically necessary for Plaintiff, "prepare a report," and "inform the Court and Plaintiff whether Defendants will provide Plaintiff the surgery she seeks." (Doc. 116 at 7; Doc. 134 at 1.) Defendants failed to do that.

Instead, Drs. Renberg and Simopolous addressed whether Plaintiff could wait to have surgery in more "optimal" conditions outside of prison.[1] (*See* Doc. 141 at 8 ("I have concluded that further gender-affirming surgery *while housed as an inmate* is not medically necessary *at this time.*"); 9 ("In my opinion, any gender-affirming surgery for Ms. Zayre-Brown would not be *emergent* or *immediately necessary*, *at this time.*"); 10 ("I have identified no compelling clinical reasons or evidence that gender-affirming surgery must be completed *immediately and prior to Ms. Zayre-Brown's scheduled release on November 2, 2024.*"); Doc. 140-2 at 1 ("A review of these materials does not indicate that the plaintiff has been experiencing *recent* significant psychiatric symptoms which would support an opinion about *imminent* medical necessity.")(emphases added)).

It is legally irrelevant under the Eighth Amendment whether a prisoner could obtain better healthcare outside of prison. "Prison staff cannot bide their time and

---

[1] Dr. Simopoulos acknowledges that Mrs. Zayre-Brown's "treatment providers have posited that gender-affirming surgery would alleviate her gender dysphoria" and concedes that "[t]his may, indeed be the case for her moving forward and there is no doubt that surgery can be beneficial for many individuals who identify as transgender." (Doc. 141 at 10).

2

wait for an inmate's sentence to expire before providing necessary treatments." *Mitchell v. Kallas*, 895 F.3d 492, 496 (7th Cir. 2018). The Eighth Amendment asks whether a prisoner is suffering harm that could have been prevented by timely treatment. *See Sharpe v. S.C. Dep't of Corr.*, 621 Fed. App'x 732, 734 (4th Cir. 2015) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain."). Whether a patient could obtain better treatment outside of prison is also irrelevant under the WPATH Standards of Care. (*See, e.g.,* Doc. 63 at 5).

Here, the operative question has never been "can Plaintiff survive until the end of her prison term without gender-affirming surgery?" Yet that is the question that Defendants and their experts insist on answering in a transparent attempt to avoid Defendants' constitutional obligations.

What's more, Defendants have failed to satisfy other basic requirements of this Court's September 23 Order. Drs. Simopoulos and Renberg each submitted individual statements, but Defendants have not provided "a report" prepared by both doctors as "the new committee." (Doc. 134 at 1). Dr. Renburg's two-page submission,[2] dated November 1, 2024, which notes "discussion with Dr. Simopoulos" (Doc. 140-2 at 2), is the only indication that these doctors communicated at all. And far from suggesting

---

[2] Dr. Renburg did not meet Plaintiff or conduct a telehealth interview with her before drafting her two-page assessment. (As noted by Plaintiff before, (*see, e.g.* Doc. 68 at 6), and in her Renewed Proposal for Compliance with the Court's Permanent Injunction, an opinion absent an evaluation of Plaintiff is of limited value in assessing her current condition. (Doc. 135 at 2-3; Doc. 131 at 2 n.1, 3.). As such, Dr. Renburg's brief statement should be afforded little weight.

3

that they reached their conclusions together, Dr. Renburg's statement notes that following her records review and discussion with Dr. Simopoulos, she agreed "with his opinion that gender affirming surgery is not presently medically necessary." *Id.* What's more, while the notice and the individual statements render their conclusions regarding medical necessity, none of these materials inform the court "whether Defendants will provide Plaintiff the surgery she seeks." *Id.* Thus, from the face of the submitted documents, Defendants have not in fact complied with the terms of the Court's order, and most importantly, as discussed below, their reports should have no bearing on this case going forward.

## II. The erroneous conclusion of the new committee is irrelevant to the live claims in this litigation.

Defendants' reevaluation of Plaintiff is also irrelevant because, as noted in their recent filings to the Fourth Circuit, the parties agree that Plaintiff's Eighth Amendment claim for injunctive relief is now moot. (*See* 4th Cir. Docs. 44, 45, 46). Plaintiff is no longer in Defendants' custody, and even had the new committee concluded that surgery *is* medically necessary for Mrs. Zayre-Brown, it is no longer possible for Defendants to coordinate the provision of that care.

Plaintiff's ADA, Rehabilitation Act, and state law damages claims remain outstanding. These claims for damages concern Defendants' past conduct and Plaintiff's state at the time that Defendants denied surgery and Plaintiff brought suit. *See Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994). The new committee members' misguided opinion that Mrs. Zayre-Brown does not need surgery at the time of their

4

evaluation, on the brink of her release from prison, is not relevant to whether Defendants wrongfully refused to provide her surgery in February 2022, more than two years before her release from prison and at a time when her suffering was obvious—as this Court has acknowledged. (*See* Doc. 92 at 8 & n.5 ("That Defendant's denial caused Plaintiff to suffer significant injury is beyond genuine dispute.")).

## CONCLUSION

Defendants have failed to comply with the Court's permanent injunction. Their submission is irrelevant and should have no bearing on further proceedings before this Court.

Respectfully submitted this the 21st day of November, 2024.

*/s/ Jaclyn A. Maffetore*
Jaclyn A. Maffetore
NC Bar No. 50849
Daniel K. Siegel
NC Bar No. 46397
Michele Delgado
NC Bar No. 50661
ACLU OF NORTH CAROLINA
LEGAL FOUNDATION
jmaffetore@acluofnc.org
dsiegel@acluofnc.org
mdelgado@acluofnc.org
(919) 354-5070

Christopher A. Brook
NC Bar No. 33838
PATTERSON HARKAVY LLP
cbrook@pathlaw.com

Jon W. Davidson*
(admitted only in California)

5

L. Nowlin-Sohl*
(admitted only in Washington)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
jondavidson@aclu.org
lnowlin-sohl@aclu.org

*admitted *pro hac vice*

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on November 21, 2024, I electronically filed the foregoing document using the ECF system which will send notification of such filing to all counsel of record.

*/s/ Jaclyn A. Maffetore*
Jaclyn A. Maffetore

*Counsel for Plaintiff*
