UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-191-MOC-DCK

| | |
|---|---|
| KANAUTICA ZAYRE-BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| NORTH CAROLINA DEPARTMENT OF ) | |
| PUBLIC SAFETY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on its own motion following Plaintiff's Response to Defendants' Notice of Compliance with the Court's Injunction. See (Doc. No. 144).

I. **BACKGROUND**

On September 23, 2024, following a hearing, this Court approved Drs. Renberg and Simopoulos to re-evaluate Plaintiff's need for gender-affirming surgery. (Doc. No. 134 at 1). The Court ordered that a review take place by October 7, 2024, and that in the thirty days thereafter, Drs. Simopoulos and Renberg would, as "the new committee," "meet, prepare a report, and inform the Court and Plaintiff whether Defendants will provide Plaintiff the surgery she seeks." (Id.).

On November 6, 2024, Defendants filed their "Notice of Compliance with the Court's Injunction" and a statement from each doctor. (Doc. Nos. 140, 140-1, 140-2). Defendants state that "Drs. Renberg and Simopoulos both concluded that the gender affirming surgery requested by Plaintiff is not medically necessary." (Doc. No. 140 at 2–3).

II. **DISCUSSION**

1

The Court's permanent injunction required Defendants to have new doctors reevaluate whether gender-affirming surgery is medically necessary for Plaintiff, "prepare a report," and "inform the Court and Plaintiff whether Defendants will provide Plaintiff the surgery she seeks." (Doc. No. 116 at 7; Doc. No. 134 at 1). For the following reasons, Defendants have failed to comply with the Court's order.

Here, Drs. Renberg and Simopolous addressed whether Plaintiff could wait to have surgery in more "optimal" conditions outside of prison.[1] (See Doc. No. 141 at 8 ("I have concluded that further gender-affirming surgery <u>while housed as an inmate</u> is not medically necessary <u>at this time</u>."); 9 ("In my opinion, any gender-affirming surgery for Ms. Zayre-Brown would not be <u>emergent or immediately necessary, at this time</u>."); 10 ("I have identified no compelling clinical reasons or evidence that gender-affirming surgery must be completed <u>immediately and prior to Ms. Zayre-Brown's scheduled release on November 2, 2024</u>."); Doc. No. 140-2 at 1 ("A review of these materials does not indicate that the plaintiff has been experiencing <u>recent</u> significant psychiatric symptoms which would support an opinion about imminent medical necessity.")(emphases added)).

The Court agrees with Plaintiff that it is legally irrelevant under the Eighth Amendment whether a prisoner could obtain better healthcare outside of prison. "Prison staff cannot bide their time and wait for an inmate's sentence to expire before providing necessary treatments." <u>Mitchell v. Kallas</u>, 895 F.3d 492, 496 (7th Cir. 2018). In considering whether the Eighth Amendment has been violated, courts ask whether a prisoner is suffering harm that could have been prevented by

---

[1] Dr. Simopoulos acknowledges that Miss Zayre-Brown's "treatment providers have posited that gender-affirming surgery would alleviate her gender dysphoria" and concedes that "[t]his may, indeed be the case for her moving forward and there is no doubt that surgery can be beneficial for many individuals who identify as transgender." (Doc. No. 141 at 10).

2

timely treatment. See Sharpe v. S.C. Dep't of Corr., 621 Fed. App'x 732, 734 (4th Cir. 2015) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain."). Whether a patient could obtain better treatment outside of prison is also irrelevant under the WPATH Standards of Care. (See, e.g., Doc. No. 63 at 5).

Defendants also failed to satisfy other basic requirements of this Court's September 23 Order. Drs. Simopoulos and Renberg submitted individual statements. Defendants have not provided "a report" prepared by both doctors as "the new committee." (Doc. No. 134 at 1). Dr. Renburg's two-page submission,[2] dated November 1, 2024, which notes "discussion with Dr. Simopoulos" (Doc. No. 140-2 at 2), is the only indication that these doctors communicated at all. Furthermore, far from suggesting that they reached their conclusions together, Dr. Renburg's statement notes that following her records review and discussion with Dr. Simopoulos, she agreed "with his opinion that gender affirming surgery is not presently medically necessary." (Id.) (emphasis added). Additionally, while the notice and the individual statements render their conclusions regarding medical necessity, none of these materials inform the court "whether Defendants will provide Plaintiff the surgery she seeks." (Id.). In sum, Defendants have not in fact complied with the terms of the Court's order.

Defendants' reevaluation of Plaintiff is also irrelevant because the parties agree that Plaintiff's Eighth Amendment claim for injunctive relief is now moot. Plaintiff is no longer in

---

[2] Dr. Renburg did not meet Plaintiff or conduct a telehealth interview with her before drafting her two-page assessment. (As noted by Plaintiff before, (see, e.g. Doc. 68 at 6), and in her Renewed Proposal for Compliance with the Court's Permanent Injunction, an opinion absent an evaluation of Plaintiff is of limited value in assessing her current condition. (Doc. 135 at 2-3; Doc. 131 at 2 n.1, 3.). As such, Dr. Renburg's brief statement should be afforded little weight.

3

Defendants' custody, and even had the new committee concluded that surgery is medically necessary for Miss Zayre-Brown, it is no longer possible for Defendants to coordinate the provision of that care.

Plaintiff's ADA, Rehabilitation Act, and state law damages claims remain outstanding. These claims for damages concern Defendants' <u>past</u> conduct and Plaintiff's state at the time that Defendants denied surgery and Plaintiff brought suit. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 846–47 (1994). The new committee members' opinion that Miss Zayre-Brown does not need surgery at the time of their evaluation, on the brink of her release from prison, is not relevant to whether Defendants wrongfully refused to provide her surgery in February 2022, more than two years before her release from prison and at a time when her suffering was obvious—as this Court has acknowledged. (<u>See</u> Doc. No. 92 at 8 & n.5 ("That Defendant's denial caused Plaintiff to suffer significant injury is beyond genuine dispute.")).

In sum, Defendants have failed to comply with the Court's permanent injunction. Therefore, the Court will require Defendants to re-submit a report that complies with the Court's permanent injunction. Defendants shall submit the report within 10 days of the entry of this Order.

**IT IS SO ORDERED**.

Signed: November 22, 2024

Max O. Cogburn Jr.
United States District Judge